IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HATTIE LEE WAITES o/b/o T.L.W., § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ANDREW SAUL, § <br> COMMISSIONER OF THE SOCIAL § <br> SECURITY ADMINISTRATION, § <br> Defendant. § | Civil Action No. 3:19-CV-0910-BH <br><br><br><br> Consent[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Defendant's Motion to Remand*, filed August 30, 2019 (doc. 16). Based on the relevant filings, evidence, and applicable law, the motion is **GRANTED**.

## I. BACKGROUND

On July 8, 2016, Tara Lashun Waites (Claimant) applied for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act, alleging disability beginning on March 28, 2015. (doc. 11-1 at 1042.)[2] Her claims were denied initially and upon reconsideration. (*Id.* at 932, 956.) Claimant requested a hearing before an Administrative Law Judge (ALJ), and personally appeared and testified on December 19, 2017. (*Id.* at 888-919.) One week after the hearing, Claimant was hospitalized, and she ultimately died from multiple nutritional deficiencies due to gastric bypass surgery on January 23, 2018. (*Id.* at 526, 1181.)

On May 10, 2018, the ALJ issued a decision finding Claimant not disabled and denying her

---

[1]By consent of the parties and the order of transfer dated July 2, 2019 (doc. 13), this case has been transferred for the conduct of all further proceedings and the entry of judgment.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

claim for benefits. (*Id.* at 26-41.) At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since her alleged onset date of March 28, 2015, and had met the insured status requirements of the Social Security Act through March 31, 2021. (*Id.* at 29.) At step two, the ALJ found that she had the following severe impairments: anemia, postsurgical malabsorption syndrome, neuropathy, obesity, diabetes mellitus, chronic fatigue syndrome, and degenerative disc disease. (*Id.*) Despite those impairments, at step three, the ALJ found that Claimant had no impairment or combination of impairments that met or equaled the severity of one of the impairments listed in the social security regulations. (*Id.* at 31.) Next, the ALJ determined that Claimant retained the residual functional capacity (RFC) to perform sedentary work with the following limitations: lift and/or carry 10 pounds occasionally and less than 10 pounds frequently; sit for six hours in an eight-hour workday; stand and/or walk for two hours in an eight-hour workday; occasionally balance and do any climbing; and frequently stoop, kneel, crouch, and crawl. (*Id.* at 32-33.)

At step four, the ALJ determined that Claimant was capable of performing past relevant work as a procurement clerk because it did not require the performance of work-related activities precluded by her RFC. (*Id.* at 39.) Nevertheless, the ALJ alternatively found that considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that she could perform. (*Id.* at 40.) Accordingly, the ALJ determined that Claimant had not been under a disability, as defined by the Social Security Act, from March 28, 2015, through the date of her decision. (*Id.* at 39.)

On May 21, 2018, Claimant's attorney appealed the ALJ's decision to the Appeals Council, and submitted new evidence, including medical records from Claimant's post-hearing hospitalization

and her death certificate. (*Id.* at 1034, 47-887.) The Appeals Council denied the request for review on March 11, 2019, making the ALJ's decision the final decision of the Commissioner. (*Id.* at 10-13.) The Notice of Appeals Council Action explained that the new evidence did not show "a reasonable probability that it would change the outcome of the ALJ's decision." (*Id.* at 11.)

On February 17, 2017, Hattie Lee Waites (Plaintiff) filed this suit on Claimant's behalf against the Commissioner of the Social Security Administration (Commissioner)[3] seeking reversal of the ALJ's unfavorable disability determination. (*See* docs. 1; 15.)[4] After filing an answer but before filing a responsive brief, the Commissioner filed a motion to reverse and remand this case under sentence four of 42 U.S.C. §405(g) for further administrative proceedings. (doc. 16. at 2.) Plaintiff does not oppose the reversal, but contends that the Court should "instead remand with instructions to award disability benefits" without any additional findings or proceedings. (doc. 18 at 1.)

## II.  LEGAL STANDARD

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g), 1383(C)(3).  Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558,

---

[3]At the time this appeal was filed, Nancy A. Berryhill was the Acting Commissioner of the Social Security Administration, but Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019, so he is automatically substituted as a party under Fed. R. Civ. P. 25(d).

[4]Because SSI claims may only pass to a claimant's surviving spouse and Claimant did not have a surviving spouse, Plaintiff did not challenge the dismissal of the Title XVI claim. (doc. 15 at 7-8 n.10)

564 (5th Cir. 1995). In applying the substantial evidence standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

The scope of judicial review of a decision under the supplemental security income program is identical to that of a decision under the social security disability program. *Davis v. Heckler*, 759 F.2d 432, 435 (5th Cir. 1985). The relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are also identical to those governing the determination under a claim for supplemental security income. *See id*. Courts may therefore rely on decisions in both areas without distinction in reviewing an ALJ's decision. *See id*.

To be entitled to social security benefits, a claimant must prove that he or she is disabled as defined by the Social Security Act. *Leggett*, 67 F.3d at 563-64; *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Social Security Act is "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. § 404.1520(b)-(f)).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or is not disabled. *Id*. Once the claimant satisfies his or her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan*, 38 F.3d at 236. This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

### III. REMAND

Both parties agree that reversal in this case is proper under sentence four of § 405(g), but they disagree on the proper instruction to the ALJ upon remand. (*See* docs. 16, 18.) The

Commissioner requests that the ALJ be instructed to,

> [e]xhibit and consider the evidence regarding the claimant's post-hearing hospitalization and death;
>
> [r]e-adjudicate the period from the alleged onset date to the date of the claimant's death in accordance with the definition of disability in 20 C.F.R. § 404.1505 and the five step process outlined in 20 C.F.R. § 404.1520;
>
> [o]ffer the substitute party the opportunity for a hearing; and
>
> [t]ake any further action needed to complete the administrative record, and issue a new decision.

(doc. 16 at 1-2.) Plaintiff argues that the ALJ should instead be instructed to award disability benefits without any additional findings or consideration of evidence. (doc. 18 at 1.)

The Supreme Court has identified two exclusive methods for remanding social security cases under 42 U.S.C. § 405(g). *See Shalala v. Shaefer*, 509 U.S. 292, 296-7 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991). The first method arises under "[t]he fourth sentence of § 405(g) [that] authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing.'" *Melkonyan*, 501 U.S. at 98 (citing 42 U.S.C. § 405(g)). A sentence four remand "requires the district court to enter a decision on the merits before remanding a case to the Commissioner." *Schriner v. Comm'r, Soc. Sec. Admin.*, No. 3:08-CV-2042-N, 2010 WL 2941120, at *15 (N.D. Tex. June 22, 2010), *adopted by* 2010 WL 2944782 (N.D. Tex. July 22, 2010) (citing *Melkonyan*, 501 U.S. at 98).

The second method arises under the sixth sentence of § 405(g) and "may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shaefer*, 509 U.S. at 297 (citing § 405(g); *Melkonyan*, 501 U.S. at 99-100). Under sentence six,

"[t]he district court does not . . . rule in any way as to the correctness of the administrative determination. Rather, the court remands" the case for reconsideration if the "new evidence might have changed the outcome of the [] proceeding." *Melkonyan*, 501 U.S. at 98; *McKenzie v. Astrue*, 442 F. App'x 161, 162 (5th Cir. 2011). The "[i]mmediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Chelette v. U.S. Comm'r of Soc. Sec.*, No. 1:11-CV-1860, 2012 WL 2870842, at *2 (W.D. La. June 12, 2012), *adopted by* 2012 WL 2873635 (W.D. La. July 12, 2012) (citing *Shaefer*, 509 U.S. at 296-7 and *Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir. 2000)).

When a claimant submits new and material evidence that relates to the period before the date of the ALJ's decision, the Appeals Council must consider the evidence in deciding whether to grant a request for review. 20 C.F.R. § 404.970(b). The regulations do not require the Appeals Council to discuss the newly submitted evidence or to give reasons for denying review. *See Sun v. Colvin*, 793 F.3d 502, 511 (5th Cir. 2015). New evidence submitted to the Appeals Council, along with the denial of a request for review, becomes part of the record upon which the Commissioner's decision is based. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005); *see also Johnson v. Berryhill*, No. 4:16-CV-0241-O-BL, 2017 WL 2964882, at *5 (N.D. Tex. June 26, 2017), *adopted by* 2017 WL 2954914 (N.D. Tex. July 11, 2017) ("The final decision of the Commissioner includes the denial of a request for review and any new evidence submitted to the [Appeals Council].").

A court considering the Appeals Council's decision must review the record as a whole to determine whether the Commissioner's decision is supported by substantial evidence, and should remand only if the new evidence dilutes the record to such an extent that the ALJ's decision

becomes unsupported. *See Higginbotham v. Barnhart*, 163 F. App'x 279, 281-82 (5th Cir. 2006). The only question on judicial review is "whether the Appeals Council erred in concluding that the new evidence did not make the ALJ's decision 'contrary to the weight' of the record evidence on the whole." *Hardman v. Colvin*, 820 F.3d 142, 150 (5th Cir. 2016); *see Morton v. Astrue*, No. 3:10-CV-1076-D, 2011 WL 2455566 at *7 (N.D. Tex. June 20, 2011) ("The proper inquiry concerning new evidence takes place in the district court, which considers whether, in light of the new evidence, the Commissioner's findings are still supported by substantial evidence.") (citations omitted). "While the courts do not consider whether the Appeals Council properly considered submitted evidence, they do review whether the Appeals Council applied appropriate legal standards." *Johnson*, 2017 WL 2964882, at *5 (citations omitted).

In this case, the ALJ considered the evidence of record and determined that Claimant had severe impairments due to anemia, postsurgical malabsorption syndrome, neuropathy, obesity, diabetes mellitus, chronic fatigue syndrome, and degenerative disc disease, but still had the RFC to perform sedentary work with additional limitations. (doc. 11-1 at 29, 32-33.) Based upon these findings, she determined that Claimant was capable of performing her past relevant work and found her not disabled. (*Id.* at 39, 41.) She did not have the opportunity to consider the medical records from Claimant's final hospitalization or her death certificate before issuing her decision, however. The ALJ's decision was not supported by substantial evidence because this new and material evidence contradicts her findings that Claimant's alleged degree of severity was inconsistent with objective medical evidence, and that "the record as a whole d[id] not support a finding that the claimant [was] unable to sustain work on a regular and continuing basis due to her conditions." (*See* doc. 10-1 at 37); *see Higginbotham,* 163 F. App'x at 281-82. Accordingly, the Appeals Council

erred. *See, e.g., Brown v. Astrue*, No. 3:10-CV-00275-O-BK, 2010 WL 3895509, at *5-6 (N.D. Tex. Sept. 13, 2010), *adopted by*, 2010 WL 3895507 (N.D. Tex. Oct. 1, 2010) (remanding case where the Appeals Council declined review after finding new evidence unlikely to change the ALJ's decision, even though new evidence significantly conflicted with the ALJ's assessment of plaintiff's work abilities).

The Commissioner appears to concede that substantial evidence did not support the ALJ's decision and argues that on remand, the ALJ should be allowed to "consider the evidence regarding the claimant's post-hearing hospitalization and death" and to re-adjudicate the disability period under the regulations. (doc. 16 at 1-2.) Plaintiff responds that no other findings are necessary because "[t]he record is complete, and it would serve no purpose to have [the] Commissioner revisit evidence the Appeals Council already addressed." (doc. 18 at 4.) She argues that the ALJ should be instructed to award disability benefits without any additional findings or consideration of evidence upon remand. (*Id*.)

When an ALJ's decision is not supported by substantial evidence, a district court may direct an award of benefits only if the uncontroverted evidence definitively establishes that the claimant is entitled to benefits. *See Taylor v. Bowen*, 782 F.2d 1294, 1298-99 (5th Cir. 1986); *Armstrong v. Astrue*, No. CIV.A.1:08-CV-045-C, 2009 WL 3029772, at *10 (N.D. Tex. Sept. 22, 2009) (explaining that a case may be remanded "with the instruction to make an award if the record enables the court to determine definitively that the claimant is entitled to benefits"). Inconsistencies and unresolved issues in the record preclude an immediate award of benefits. *Wells v. Barnhart*, 127 F. App'x 717, 718 (5th Cir. 2005). The Commissioner, not the court, resolves evidentiary conflicts. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

Here, the Appeals Council acknowledged receiving the new evidence, but did not exhibit the evidence when it declined the request for review finding it unlikely to change the outcome of the decision. (*See* doc. 10-1 at 11.) "Although '[t]he regulations do not require the [Appeals Council] to provide a discussion of the newly submitted evidence or give reasons for *denying* review,' in some instances remand [may] be necessary if it is unclear whether the [Appeals Council] evaluated the new evidence." *Nejmeh v. Colvin*, No. 4:14-CV-816-Y, 2016 WL 642518, at *2 (N.D. Tex. Feb. 18, 2016) (quoting *Sun*, 793 F.3d at 512) (emphasis original). "If the Appeals Council has failed to sufficiently evaluate new medical evidence that is so inconsistent with the ALJ's findings that it undermines the ultimate disability determination, the case should be remanded to the Commissioner so that the new evidence can be properly weighed." *Taylor v. Colvin*, No. 12-CV-2750-P, 2013 WL 5345840, at *4 (N.D. Tex. Sept. 24, 2013). Even though the Appeals Council received the new evidence of Claimant's hospitalization and death, which is significant and raises questions regarding the soundness of the ALJ's findings, a fact finder has not made findings regarding this evidence. *See Sun*, 793 F.3d at 513 ("Despite the significance of this new evidence, no fact finder has made findings regarding the LSU clinical reports or attempted to reconcile these reports with other conflicting and supporting evidence in the record.") "Assessing the probative value of competing evidence is quintessentially the role of the fact finder." *Sun*, 793 F.3d at 513 (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011)). Because the Appeals Council did not specifically address this evidence, the case is remanded to the Commissioner for reconsideration.[5]

---

[5] Plaintiff also contends that remanding the case for additional proceedings serves no purpose because the essential fact witness, Claimant, is deceased and forcing her mother to recount her decline and death would be "unconscionable." (doc. 18 at 5.) Commissioner's motion for remand does not demand a hearing, but provides Plaintiff with the option for one upon remand. (doc. 16 at 2.)

## IV. CONCLUSION

The Commissioner's motion to reverse and remand is **GRANTED**, the decision of the Commissioner is **REVERSED**, and by separate judgment, the case will be **REMANDED** to the Commissioner for further proceedings.

**SO ORDERED** on this 23rd day of March, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE